The general court responded as follows: “This court is unanimously of opinion and doth decide, that the evidence taken in this cause is sufficient to authorize the filing an information against the defendant James Y. Horner.”

The 1st section of the act of February 24. 1816 enacts, “that it shall not be lawful for any association or company not having a *710 charter incorporating such association or company with authority t0 ,jea2 or trade as a bank, now formed or in being, or which hereafter may be formed within the limits of this commonwealth, for J * the purpose of discounting notes, bills or other securities for the payment of money or other valuable thing, and issuing notes, drafts or bills, whether payable to order or bearer, or any other securities for the payment of money or other valuable thing, in the name, or on account, or for the benefit of any such association or company, or otherwise for the purpose of dealing, trading or carrying on business as a bank, to commence or continue the discounting of any notes or bills, or other securities for the payment of money or any other valuable thing, or the issuing of any notes, drafts or bills, or other securities for the payment of money or other valuable thing, or such dealing, trading or carrying on business as a bank: and every member, officer or agent of any such company or associátion that may so commence or continue such discounting or issuing of notes, drafts, bills or other securities, or the dealing, trading or carrying on business as a bank, shall be held and taken to be guilty of a misdemeanour, and upon conviction thereof on indictment, information or presentment, shall be liable to be fined at the discretion of the jury, in a sum not less than one hundred nor exceeding five hundred dollars. And if any such company or association, or any president, manager, cashier, or other officer or ageDt of such company or association, shall pay out, deliver, put in circulation, or issue any note, draft, bill or other security for the payment of money or other valuable thing, purporting to promise, order, request or stipulate the payment of money or other valuable thing, or that money or other valuable thing is payable, by or on behalf of such company or association, or any person or persons as agent or agents thereof, each member, officer and agent thereof shall be in like manner liable to the same penalty.” 2 Rev. Code, ch. 208. p. 111.
By an act passed the 20th of March 1832 (Acts of 1831-2, ch. 79. p. 69. Suppl. to Rev. Code, c.h. 315.p. 385.) it is enacted, “that nothing in the aforesaid act passed on the 24th of February 1816 shall be so construed as to prevent, limit or in any manner control the savings institution of Richmond, and the Franklin savings institution of said city, and other institutions of like character and purpose within the commonwealth, from receiving money on deposit, granting certificates for the same, discounting notes or other paper at legal interest, or drawing for their own funds on any bank or other place in which the same may have been deposited: provided, that nothing herein contained shall be so construed as to allow the institutions aforesaid the power of emitting or circulating any notes, drafts or bills, whether payable to order or bearer, or *711 any other security for the payment of money or other valuable thing, in the name or on account or for the benefit of the said institution, or to do any other act in virtue hereof, except such as are before herein named.”
By the 3d section of the act prescribing general regulations for the incorporation of savings institutions, societies or banks, passed March 24. 1838 (Acts of 1838, ch. 108. p. 83.) it is declared that the board of directors “ shall have power to regulate the manner of making and receiving deposits, the form of certificates of deposit, and the manner of transferring the same.” By the 4th section, “ any savings institution, society or bank shall be capable of receiving from any person or persons any deposit or deposits of money, and all moneys so received shall be invested in stocks or other securities at the discretion of the directors, and in the manner deemed most safe and beneficial.” By the 5th section, “it shall not be lawful for any savings institution, society or bank to purchase or discount any debt or claim to become due, at a rate of discount or interest exceeding the rate of one half of one per centum for thirty days; and all contracts which may be made contrary to the foregoing provision shall be utterly null and void.”